USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

DAVID RIVAS, EDGAR MONTES, GABRIEL PUCHA, JULIO RODRIGUEZ, PORFIRIO SUAREZ, ZAKIR HOSSAIN, CARLOS CRUZ, ERIK MEDINA, FABIO LOZANO, JHONNY NAVARRA, JULIO PINA, and GIOVANNI LUJAN, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

                        Plaintiffs,

    v.

THE DINEX GROUP, LLC, 44TH STREET RESTAURANT LLC d/b/a DB BISTRO MODERNE, BOWERY RESTAURANT LLC d/b/a DBGB KITCHEN AND BAR, 58TH STREET CAFÉ LLC d/b/a EPICERIE BOULUD, 64 WEST RESTAURANT LLC d/b/a BAR BOULUD, 65TH STREET RESTAURANT LLC d/b/a DANIEL d/b/a THE BAR AT DANIEL, 76TH STREET RESTAURANT LLC d/b/a CAFÉ BOULUD d/b/a BAR PLEIADES, GREENWICH STREET CAFÉ LLC d/b/a EPICERIE BOULUD and DANIEL BOULUD,

                        Defendants.

------------------------------------------------------- x

Case No.: 20-cv-03117

**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

After participating in a full-day private mediation, and despite their adversarial positions in this matter, Named Plaintiffs David Rivas, Edgar Montes, Gabriel Pucha, Julio Rodriguez, Porfirio Suarez, Zakir Hossain, Carlos Cruz, Erik Medina, Fabio Lozano, Jhonny Navarra, Julio

Pina, and Giovanni Lujan ("Plaintiffs") and Defendants The Dinex Group LLC 44th Street Restaurant LLC d/b/a DB Bistro Moderne, Bowery Restaurant LLC d/b/a DBGB Kitchen and Bar, 58th Street Café LLC d/b/a Epicerie Boulud, 64 West Restaurant LLC d/b/a Bar Boulud, 65th Street Restaurant LLC d/b/a Daniel d/b/a The Bar at Daniel, 76th Street Restaurant LLC d/b/a Café Boulud d/b/a Bar Pleiades, Greenwich Street Café LLC d/b/a Epicerie Boulud, and Daniel Boulud (collectively "Defendants" and with Plaintiffs, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Settlement Agreement and Release ("Settlement Agreement").

On March 29, 2021, Plaintiffs filed a Notice of Motion For Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material To The Class, and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In their Motion, Plaintiffs requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23, as well as grant conditional certification of a collective action under Section 16(b) of the Fair Labor Standards Act. Plaintiffs also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

On March 30, 2021, the Court directed Plaintiffs to file additional information that had been omitted from the March 29, 2021 motion papers. (3/31/21 Order, ECF No. 77.) After receiving Plaintiffs' response, the Court directed Plaintiffs to file a revised Notice and Proposed Order (4/1/21 Order, ECF No. 80), which Plaintiffs filed on April 8, 2021. (*See* Letter, ECF No.

81.) Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I.     Background

Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs claim, *inter alia*, that Defendants failed to pay service employees their proper regular and minimum wages, due to time shaving, Defendants' taking of an invalid tip credit, and improper deduction of meal credits; compensation for their overtime hours; their gratuities; and failed to meet the NYLL's requirements on wage statements and notices.  Plaintiffs, for themselves and others they claim are similarly situated, sought to recover, *inter alia*, unpaid minimum, regular, and overtime wages, unpaid gratuities, liquidated damages, penalties, injunctive relief and attorneys' fees and costs.  Defendants have disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit, and Defendants deny any liability for any of the claims that have or could have been alleged by Plaintiffs or the persons that they seek to represent.

## II.    Definition Of The Settlement Class

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> Plaintiffs and the individuals who are current and former service employees of Defendants, who worked at 44th Street Restaurant, LLC, 58th Street Café LLC, 64 West Restaurant LLC, 65th Street Restaurant LLC, 76th Street Restaurant LLC and Greenwich Street Café LLC, who have not executed an Arbitration Agreement as of March 30, 2021.

### III.    Designation Of The Class As An FLSA Collective Action

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair. Accordingly, the Court conditionally certifies the Class as an FLSA collective action. The Court authorizes the Notice (attached hereto as **Exhibit A**) to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.

Members of the Class who sign, negotiate, endorse, deposit and/or cash their Settlement Checks in this matter will acknowledge the following: "CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS: By endorsing this check, I consent to join the FLSA collective action and NYLL class action styled *Rivas et al. v. The Dinex Group, LLC*, Case No. 20-cv-03117, against Defendants and release Defendants from all wage and hour claims under the New York Labor Law and Fair Labor Standards Act brought, or which could have been brought, in the Litigation, including but not limited to minimum wage, overtime, and misappropriated gratuity claims and claims for penalties under NYLL 195 arising on or before April 12, 2021." All Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes and/or negotiates his or her Settlement Checks.

### IV.    Rule 23 Certification of the Class

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting

practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream Corp.*, No. 1:16-CV-00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same). In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendants' conditional agreement, for settlement purposes only, not to oppose conditional certification of the Class specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the Class specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that the Plaintiffs' claims are typical of the Class, and that the Plaintiffs and their attorneys would be effective Class Representatives and Class counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification

request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the court certifies this Class for the purposes of settlement, notice and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class and collective certification granted above shall be dissolved immediately upon notice to the Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

### V.  Appointment Of Class Representatives And Class Counsel, Appointment of Claims Administrator

Named Plaintiffs David Rivas, Edgar Montes, Gabriel Pucha, Julio Rodiguez, Porfirio Suarez, Zakir Hossain, Carlos Cruz, Erik Medina, Fabio Lozano, Jhonny Navarra, and Julio Pina are appointed as representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

Rust Consulting is appointed as Claims Administrator.

### VI.  Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose conditional certification of the settlement class shall be null

and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the Class certified for purposes of settlement shall be decertified, and Defendants will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs.

## VII. Preliminary Approval Of The Terms Of The Settlement Agreement, Including The Proposed Plan Of Allocation

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers.  Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of C.K. Lee in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arm's length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class' case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation.

## VIII. Approval Of The Form And Manner Of Distributing Class Notice

Plaintiffs have also submitted for this Court's approval a proposed Class Notice.[1] The Court now considers this document.

The proposed Class Notice appears to be the best notice practicable under the circumstances and appears to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Class Notice appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

---

[1] The Class Notice and the FLSA Notice are both included as part of Exhibit A, to which the Court has made minor non-substantive edits.

The Court, having reviewed the proposed Class Notice, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3. Within 14 calendar days of the date of entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4. Within 30 calendar days of the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, using each Class Member's last known address as recorded in Defendants' payroll system. The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice. The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and as well as any such mail returned as undeliverable after the subsequent mailing.

5. The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

### IX. Procedures For Final Approval Of The Settlement

#### A. Fairness Hearing

The Court hereby schedules, for Wednesday, July 7, 2021, at the hour of 2:00 p.m. ET, a hearing to determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing"). The hearing shall be held via telephone. At the scheduled time, the parties, and anyone else wishing to attend, shall call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Plaintiffs. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 15 days prior to the Fairness Hearing.

#### B. Deadline To Request Exclusion From The Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement"). To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Notice, which will be 30 calendar days after the Claims Administrator makes the initial mailing of the notice.

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on

Class Counsel and Defendant's Counsel not later than 3 business days after receipt thereof. The Claims Administrator also shall, within 24 hours after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with (1) stamped copies of any Opt-Out Statements, with Social Security Numbers redacted, and (2) a final list of all Opt-Out Statements. Also within 3 calendar days after the end of the Opt-Out Period, counsel for the Parties shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

### C. Deadline For Filing Objections To Settlement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Notice, which shall be 30 calendar days after the initial mailing by the Claims Administrator of such Notice.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by email not later than 3 business days after receipt thereof. Counsel to the parties shall also file the date-stamped originals of any and all objections with the Clerk of Court no later than 3 days before the Fairness Hearing.

### D. Deadline For Filing Motion For Judgment And Final Approval

Any party seeking final approval of the settlement shall file a motion for same no later than 15 days before the Fairness Hearing.

### E. Plaintiffs And Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiffs, and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

**SO ORDERED.**

Dated:    New York, New York
          April 12, 2021

_____
STEWART D. AARON
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID RIVAS, EDGAR MONTES, GABRIEL
PUCHA, JULIO RODRIGUEZ, PORFIRIO
SUAREZ, ZAKIR HOSSAIN, CARLOS CRUZ,
ERIK MEDINA, FABIO LOZANO,
JHONNY NAVARRA, JULIO PINA, and
GIOVANNI LUJAN, *on behalf of themselves,
FLSA Collective Plaintiffs and the Class,*

                              Case No: 20-cv-03117

           Plaintiffs,

                              **NOTICE OF PROPOSED CLASS**
                              **ACTION SETTLEMENT AND**
                              **FINAL SETTLEMENT**
                              **HEARING**

     v.

THE DINEX GROUP, LLC, 44TH STREET
RESTAURANT, LLC, d/b/a DB BISTRO
MODERNE, BOWERY RESTAURANT, LLC,
d/b/a DBGB KITCHEN AND BAR, 58TH
STREET CAFÉ, LLC d/b/a EPICERIE BOULUD
64 WEST RESTAURANT, LLC d/b/a BAR
BOULUD, 65TH STREET RESTAURANT, LLC,
d/b/a DANIEL d/b/a THE BAR AT DANIEL, 76TH
STREET RESTAURANT, LLC d/b/a CAFÉ
BOULUD d/b/a BAR PLEIADES, GREENWICH
STREET CAFÉ, LLC d/b/a EPICERIE BOULUD
and DANIEL BOULUD,

           Defendants.
----------------------------------------------------------------X

TO:      All individuals who worked as service employees of the Defendants between April 17, 2014 and April 12, 2021.

DATED:     _____, 2021

*A federal court authorized this notice. The authorization of this notice does not mean the Court has made any legal or factual findings regarding the claims. This is not a solicitation from a lawyer.*

- This notice is being sent to individuals who worked as service employees for The Dinex Group, LLC, 44th Street Restaurant, LLC d/b/a DB Bistro Moderne, Bowery Restaurant, LLC d/b/a DBGB Kitchen and Bar, 58th Street Café, LLC d/b/a Epicerie Boulud, 64 West Restaurant LLC, d/b/a Bar Boulud, 65th Street Restaurant, LLC d/b/a Daniel, d/b/a The Bar at Daniel, 76th Street Restaurant, LLC d/b/a Café Boulud, d/b/a Bar Pleiades, Greenwich Street Café LLC d/b/a Epicerie Boulud, and Daniel Boulud (the "Dinex Group" or "Defendants") at any time during April 17, 2014 and April 12, 2021, who have not executed an Arbitration Agreement as of March 30, 2021("Class Members").

- Former service employees of the Defendants filed a lawsuit alleging that they and other Class Members did not receive proper wage notices at the time of hire and/or wage statements, were not properly paid overtime wages, and were not paid spread of hours pay. Defendants deny all of the allegations of wrongdoing and maintain that all employees of Defendants were paid properly and received proper wage notices and wage statements.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the Parties have concluded that it is in their best interests to resolve and settle the lawsuit at this time.

- This is a class and collective action settlement, meaning that, for settlement purposes only and upon approval of the settlement, the Court will declare the case a class action with respect to the Class Members' claims alleging failure to provide proper wage notices at the time of hire and/or wage statements, unpaid overtime, and unpaid spread of hours payments. If the settlement is finally approved, settlement payments will be made to the class members and class counsel, and the case will be dismissed.

- In addition to settlement payments to the Class, the lawyers for the class will ask the Court for up to $12,069.67 in legal fees and $13,029.04 in expenses, $8,196.00 in administration fees, and $2,200.00 in service awards payable to 11 class representatives to be paid out of the $60,000.00 settlement amount.

- Class members who timely return a completed IRS Form W-9 will receive the total share of their settlement award based on how many weeks they worked for the Defendants within the relevant period.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement you do not need to do anything at this time. However, following final approval by the Court, you will be sent an IRS W-9 Form if you have not opted out of the settlement. You must send a properly completed IRS Form W-9 to the Claims Administrator by the deadline that will be set forth in a subsequent notice. If you fail to submit a valid and timely W-9 Form, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself, and opt-out of the Settlement, you will get no payment. Excluding yourself is your only option if you want to bring your own lawsuit or to be party of any lawsuit against the Defendants for unpaid wages and failure to provide wage notices and/or wage statements under the New York Labor Law. |
| **OBJECT** | If you wish to object to the Settlement, you must do so in writing and may also ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. Give up your right to sue Defendants about the claims under New York law or any other state or local law, rule or ordinance governing the payment of wages. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

## **FREQUENTLY ASKED QUESTIONS**

**Question 1.   Why did I receive this notice?**

You received this notice because you worked as a service employee employed by Defendants between April 17, 2014 and April 12, 2021. The Court ordered that you be sent this notice because you have a right to know about this proposed settlement and your options before the Court decides whether to grant approval of the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

**Question 2.   What is a class action and what is a collective action?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the Class consists of all

3

service employees who worked for the Defendants who allegedly did not receive a hiring and/or statement notice, or were not paid overtime or spread of hours payments and did not execute an agreement to arbitrate their claims.

A collective action under the federal Fair Labor Standards Act ("FLSA") is similar to a class action lawsuit, but with different statutory and procedural aspects. Here, the FLSA is alleged to have been violated.

The settlement agreement in this case asks the Court to approve the case as a class and collective action.  The Court is asked to find that the named plaintiffs are representatives who may sue on behalf of all Class Members who allegedly have similar claims.  This allows the Court to resolve the issues for all Class Members at the same time, except for those who have excluded themselves from the Class.

**Question 3.    Why is there a settlement?**

Plaintiffs and Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the litigation. Class Counsel and Defendants' Counsel exchanged thousands of pages of time, pay, and other company records. Based upon Class Counsel's review of those records, and the substantial risks of a continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs and Defendants entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement is in the best interest of Plaintiffs and Class Members.

**Question 4.    How much will I get paid if I join the Settlement?**

Settlement allocations to Class Members are based on the number of weeks Class Members worked for Defendants within the period April 17, 2014 and April 12, 2021.

**Question 5.    Who brought this lawsuit and are they being compensated?**

This lawsuit was brought by Plaintiffs. Plaintiffs took a lead role in this litigation and assisted in its resolution. In addition to Plaintiffs' allocated share as described in Question 4, subject to Court approval, Plaintiffs will receive an additional $200 for their efforts to reflect the time and energy expounded on behalf of Class Members in reaching this Settlement.

**Question 6.    What do I have to do to be included in the Settlement?**

You do not need to do anything at this time.  However, following final approval by the Court, you will be sent an IRS W-9 Form if you have not opted out of the settlement. To receive a distribution from the settlement fund, you must timely complete and return the IRS Form W-9. The IRS Form W-9 must be personally filled out by the Class Member who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The IRS Form W-9 must be properly completed, signed, and mailed or faxed to the Settlement Claims Administrator. The deadline to return IRS Form W-9 will be set forth in a subsequent notice. If you do not properly complete and timely submit the IRS Form W-9, you will not be eligible to receive any monetary distribution.

If you timely return the IRS Form W-9 to the Settlement Claims Administrator, the Settlement Claims Administrator will make your payment.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants from all New York Labor Law claims through April 12, 2021. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendant regarding the New York Labor claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you for your state law claims.

By joining this settlement, you designate the Plaintiffs and Lee Litigation Group, PLLC as your representatives, and authorize the Plaintiffs and Class Counsel to make decisions on your behalf concerning all matters pertaining to this settlement.

**Question 7.    How do I exclude myself from the Settlement?**

If you do not wish to participate in the Settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement ("Opt-out Statement") to the Settlement Claims Administrator stating "I opt out from the settlement in "*Rivas et al. v. The Dinex Group, LLC, et al.*, Case No. 20-cv-03117." You must include your name, address, and telephone number. To be effective, the Opt-out Statement must be postmarked by the Bar Date of _____ and mailed to the Settlement Claims Administrator at:

RUST CONSULTING, INC.<br>
__ADDRESS__<br>
_ PHONE__<br>
_EMAIL/FAX_

If you exclude yourself from the lawsuit and the Settlement, you will NOT be allowed to object to the Settlement as described in Question 12.

**Question 8.    If I don't exclude myself from the Settlement, can I sue Defendants for the same thing later?**

Unless you exclude yourself, you give up any rights to sue Defendants for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the exclusion deadline is _____, 2021.

5

**Question 9.    If I exclude myself, can I get money from the Settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit.

**Question 10.   Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC has been designated as legal counsel to represent Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. You will not be charged for calling, emailing or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions. Class Counsel's fees are being paid from the total settlement fund as part of the Settlement and are subject to the approval of the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Question 11.   How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to Thirty-Three Percent (33%) of the maximum settlement fund established by Defendants, net of expenses, service awards, and administration fees, to them for attorneys' fees, as well as certain litigation expenses and costs to be paid from the settlement fund. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences, and negotiating and overseeing the settlement. The proposed payment to the Settlement Administrator, in the amount of approximately $8,196.00, as the cost of administering the settlement, will come out of the settlement fund.

**Question 12.   How do I tell the Court that I don't like the Settlement?**

You can ask the Court to deny approval by filing an objection. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, giving reasons why you think the Court should not approve the settlement.  You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Rivas et al. v. The Dinex Group, LLC, et al*, Case No. 20-cv-03117), (b) include your name, address and telephone number, and (c) be mailed to the Settlement Administrator at Rust Consulting, Inc. _____postmarked by _____, 2021.

The Settlement Claims Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court.

You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt-out of the Settlement.

6

**Question 13.  What's the difference between objecting and excluding?**

Objecting means telling the Court what you don't like about the settlement. You can object only if you stay in the Class.  Excluding yourself from the Class is telling the Court that you don't want to be a part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**Question 14.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a telephonic Fairness Hearing at 2:00 p.m. ET on Wednesday, July 7, 2021. Anyone wishing to participate may do so by calling (888) 278-0296 (or (214) 765-0479) and entering access code 6489745.

At this Fairness Hearing, the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Class Counsel in fees and costs. Typically at the Fairness Hearing, the Court will decide whether to approve the settlement. Other times, the Court may consider the materials separately after the Fairness Hearing. We do not know how long these decisions will take.

**Question 15.  Are there more details about the Settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of it by contacting CK Lee, Esq., Lee Litigation Group, PLLC 148 West 24th Street, 8th Floor, New York, New York 10011, (212) 465-1180, cklee@leelitigation.com.