USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DAVID RIVAS, EDGAR MONTES, GABRIEL PUCHA, JULIO RODRIGUEZ, PORFIRIO SUAREZ, ZAKIR HOSSAIN, CARLOS CRUZ, ERIK MEDINA, FABIO LOZANO, JHONNY NAVARRA, JULIO PINA, and GIOVANNI LUJAN, *on behalf of themselves, FLSA Collective Plaintiffs and the Class*,

Plaintiffs,

v.

THE DINEX GROUP, LLC, 44TH STREET RESTAURANT LLC d/b/a DB BISTRO MODERNE, BOWERY RESTAURANT LLC d/b/a DBGB KITCHEN AND BAR, 58TH STREET CAFÉ LLC d.b/a EPICERIE BOULUD, 64 WEST RESTAURANT LLC d/b/a BAR BOULUD, 65TH STREET RESTAURANT LLC d/b/a DANIEL d/b/a THE BAR AT DANIEL, 76TH STREET RESTAURANT LLC d/b/a CAFÉ BOULUD d/b/a BAR PLEIADES, GREENWICH STREET CAFÉ LLC d/b/a EPICERIE BOULUD and DANIEL BOULUD,

Defendants.

No. 20-cv-03117

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

WHEREAS, the Parties entered into a final settlement totaling $60,000.00 on March 4, 2021 in a Settlement Agreement and Release (Settl. Agmt., ECF No. 78-1); and

WHEREAS, on March 29, 2021, Plaintiff filed a motion for preliminary approval of the class settlement (Mot. for Prelim. Approval, ECF No. 74), which Defendants did not oppose; and

WHEREAS, after reviewing the agreement and motion, the Court directed the parties to submit supplemental information and prepare a revised Class Notice (*see* 3/30/31 Order, ECF No. 77; 4/1/21 Order, ECF No. 80); and

WHEREAS, on March 30, April 1 and April 8, 2021, Plaintiffs made supplemental submissions to the Court (*see* Pls.' 3/30/21, 4/1/21 & 4/8/21 Ltrs., ECF Nos. 78, 79 & 81); and

WHEREAS, on April 6, 2021, counsel for Defendant, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), sent notices to the appropriate federal and state officials (Benz Decl., ECF No. 94); and

WHEREAS, on April 12, 2021, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class set forth therein, conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC ("Lee Litigation Group") as Class Counsel, appointing Rust Consulting, Inc. ("Rust Consulting") as Settlement Administrator, and authorizing notice to all Class Members (Preliminary Approval Order, ECF No. 82); and

WHEREAS, on June 22, 2021, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement (Motion for Final Approval, ECF No. 83), which Defendants did not oppose; and

WHEREAS, on June 22, 2021, Plaintiffs also filed a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses (Motion for Attorneys' Fees, ECF No. 88) and a Motion for Service Awards (Motion for Service Awards, ECF No. 86), which were unopposed; and

WHEREAS, the Court held a fairness hearing on July 7, 2021, and no objections were lodged to the settlement, the service award or the attorneys' fees and expenses.

NOW, THEREFORE, having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Award, the arguments presented at the July 7, 2021 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the July 7, 2021 fairness hearing, and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from members of the Class to such certification.

3. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA settlement as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

4. The Court confirms as final the appointment of Plaintiffs David Rivas, Edgar Montes, Gabriel Pucha, Julio Rodriguez, Porfirio Suarez, Zakir Hossain, Carlos Cruz, Erik Medina, Fabio Lozano, Jhonny Navarra and Julio Pina, as representatives of the Class.

5. The Court confirms as final the appointment of Lee Litigation Group PLLC as Class Counsel.

6. The Court finds that the requirements of CAFA have been satisfied. As set forth above, on April 6, 2021, Defendants mailed CAFA notices to the appropriate federal and state officials. The Court held a settlement fairness hearing on July 7, 2021. Since ninety (90) days have passed, and no comment or objection has been received from any government official with

3

regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d), (e)(2).

7. The Court finds that the Notice distributed to class members pursuant to the Preliminary Approval Order was fair and adequate to apprise members of the Class of the settlement and that the process by which the Notice was distributed complies with all requirements, including constitutionally required due process.

8. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the Settlement Agreement. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on members of the Class who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.

9. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The Court also finds that the settlement is substantively fair. All the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the

defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463.

11. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

12. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $12,069.67, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised; (E) a lodestar cross-check;[1] and (F) Class Counsel's recognized experience and expertise in the market. See Goldberger v. Integrated Res., 209 F.3d 43, 50 (2d Cir. 2000).

---

[1] With respect to the lodestar cross-check, the Court finds that the hourly rates attributed to the timekeepers at Lee Litigation Group to be excessive. By way of example, an unreasonable hourly rate of $800 is attributed to Anne Seelig. However, even at lower rates, the Court is satisfied that the lodestar cross-check supports the fee award being made in this case.

13. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $10,975.50, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this action.[2]

14. The attorneys' fees and the amount in reimbursement of litigation expenses shall be paid from the Settlement Fund.

15. The Court approves and finds reasonable the service awards for David Rivas, Edgar Montes, Gabriel Pucha, Julio Rodriguez, Porfirio Suarez, Zakir Hossain, Carlos Cruz, Erik Medina, Fabio Lozano, Jhonny Navarra and Julio Pina, each in the amount of $200.00 for a total of $2,200.00, in recognition of the services they each rendered on behalf of the Class. These amounts shall be paid from the Settlement Fund, subject to the terms of the Settlement Agreement.

16. The Court approves and finds reasonable the payment of Rust Consulting's fees in the amount of $8,196.00, which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Settlement Agreement.

17. The Court hereby fully and finally dismisses this action in its entirety and with prejudice. Neither Plaintiffs nor Defendants to this action shall be considered prevailing parties.

---

[2] Class Counsel sought reimbursement of expenses in the amount of $13,029.04, which included $7,043.99 in investigation expenses. However, the Court finds that the total amount of investigation expenses sought by Plaintiff is not reasonable or necessary to the representation of the class. *Cf. Long v. HSBC USA INC.*, No. 14-CV-06233 (HBP), 2016 WL 4764939, at *15 (S.D.N.Y. Sept. 13, 2016) (attorneys may be compensated for reasonable out-of-pocket that are "incidental and necessary" to the representation of their clients). The Court declines to award expenses incurred by a third investigator at Bar Boulud or expenses for investigators' meals. In addition, the Court reduces the amount of travel time awarded for the remaining investigators to 24 hours. Accordingly, the Court only has awarded a total of $4,990.45 in investigation expenses (including tax), thereby reducing the expenses awarded to $10,975.50.

18. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement.

**SO ORDERED.**

Dated:   New York, New York
         July 8, 2021

_____
STEWART D. AARON
United States Magistrate Judge